UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ENRIQUE RUIZ-CONTRERAS,

    Plaintiff,

v.                                Case No.:  2:21-cv-60-SPC-MRM

JOSEPH ANDUJAR,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On September 30, 2021, the Undersigned entered an Order to Show Cause requiring Plaintiff Enrique Ruiz-Contreras to show cause why he failed to resubmit an affidavit of indigency on an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), and to file a First Amended Complaint, as previously ordered.  (Doc. 6).  Plaintiff failed to respond to the Order to Show Cause, to resubmit an affidavit of indigency on an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), or to file a First Amended Complaint.  Based upon that failure and the other reasons below, the Undersigned respectfully recommends that this case be dismissed.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff Enrique Ruiz-Contreras filed a Complaint on February 12, 2021.  (*See* Doc. 1).  Plaintiff also filed an Affidavit of Indigency, which the Undersigned construed as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915

and M.D. Fla. R. 6.03.  (*See* Doc. 2).  On September 8, 2021, the Court ordered Plaintiff to resubmit an affidavit of indigency on an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).  The Court also ordered Plaintiff to file a First Amended Complaint that complied with the pleading requirements detailed in the Order.  (Doc. 5 at 6-7).  The Court directed Plaintiff to, among other things, file the AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) and the First Amended Complaint no later than September 24, 2021, and warned Plaintiff that failure to comply would result in the Undersigned recommending to the presiding United States District Judge that this action be dismissed.  (*Id.* at 7-8).  Alternatively, the Court gave Plaintiff the option to pay the filing fee no later than September 24, 2021, and proceed to effectuate service of process on the Defendant by a specified deadline. (*Id.* at 7).  Plaintiff failed to comply timely with the Court's September 8, 2021 Order.

On September 30, 2021, the Undersigned entered a second Order requiring Plaintiff to show cause why he failed to comply with the Undersigned's September 8, 2021 Order (Doc. 5) and why this action should not be dismissed for want of prosecution.  (Doc. 6).  The Undersigned gave Plaintiff another opportunity to comply.  (*Id.* at 2-3).  The Undersigned warned Plaintiff that if he failed to comply, the Undersigned would recommend to the presiding United States District Judge that this action be dismissed.  (*Id.* at 3).  Plaintiff did not respond.

## ANALYSIS

As explained in the Undersigned's September 8, 2021 Order, 28 U.S.C. § 1915(e)(2) requires the Court to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief. (*See* Doc. 5 at 2). A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As explained in the Undersigned's September 8, 2021 Order, the Undersigned finds and recommends that the Complaint (Doc. 1) is defective for at least two (2) reasons. (*See* Doc. 5 at 5-6)

First, Plaintiff has filed an impermissible so-called "shotgun pleading" that contains multiple counts where each count adopts the allegations of all preceding counts. The Complaint sets forth four legal claims or, as titled in the pleading, "causes of action," which are: Violation of 42 U.S.C. § 1983; False Arrest; Battery; and Intentional Infliction of Emotional Distress. (Doc. 1 at 3-5). In each such count "Plaintiff repeats and realleges each and every allegation set forth in" all preceding paragraphs of the Complaint including the prior counts "as if fully set forth herein." (*Id.*). As the Eleventh Circuit has found, shotgun pleadings run afoul of Rule 8 and/or Rule 10 of the Federal Rules of Civil Procedure. *See Silverthorne v. Yeaman*, 668 F. App'x 354, 355 (11th Cir. 2016) (quoting *Weiland v. Palm Bch. Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)). To that end, "Rules 8 and 10 work together 'to require the pleader to present his claims discretely and succinctly, so that

3

his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" *Meide v. Pulse Evolution Corp.*, No. 3:18-cv-1037-J-34MCR, 2019 WL 4918264, at *1-2 (M.D. Fla. Oct. 4, 2019) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)). In sum, Plaintiff's use of a shotgun pleading is improper. *See Silverthorne*, 668 F. App'x at 355 (quoting *Weiland*, 792 F.3d at 1321-23).

Second, Count I is deficient. Plaintiff purports to bring a claim under 42 U.S.C. § 1983. In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and
>
> (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996); *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Count I does not include a short and plain statement of the particular rights, privileges, or immunities guaranteed under the Constitution or law of the United States that Defendant allegedly deprived Plaintiff of such that the Court can determine whether Plaintiff has stated a claim that is plausible on its face under 42 U.S.C. § 1983.

In that regard, Count I alleges only that on February 3, 2021, "Defendant was acting under the color of state law" and "Defendant violated the Plaintiff's constitutional rights." (Doc. 1 at 3). To be sure, an earlier paragraph of the Complaint states that Plaintiff "brings this suit pursuant to Title 42 U.S. Code [sic] § 1983 for violations of certain protections guaranteed to Plaintiff by the first, fifth, eight [sic], ninth, and the 14th amendments of the Federal [sic] Constitution," (Doc. 1 at 1), and those allegations of constitutional violations are incorporated by reference into Count I, (*id.* at 3). But all of these allegations are conclusory and the Complaint does not contain a short and plain statement in Count I as to how Defendant's alleged conduct violated any of the referenced constitutional rights. The Court need not accept legal conclusions or threadbare recitals as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Without more context, the Court is unable to determine whether Plaintiff has stated a facially plausible claim under § 1983.

Plaintiff's failure to timely amend the Complaint to cure these defects, as ordered, warrants dismissal of the action. *See* 28 U.S.C. § 1915(e)(2).

In addition, Plaintiff failed to comply with the Undersigned's September 8, 2021 Order to file a First Amended Complaint (Doc. 5) and the Undersigned's September 30, 2021 Order to Show Cause (Doc. 6). Under M.D. Fla. R. 3.10, "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause

for delay." Plaintiff's failure to comply with the Undersigned's Orders is a failure to diligently prosecute this action and justifies dismissal. *See* M.D. Fla. R. 3.10.

For the foregoing reasons, the Undersigned finds and respectfully recommends that Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2) should be denied and this action should be dismissed.

## CONCLUSION

Based on the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that this action be dismissed without prejudice for failure to renew timely his motion to proceed *in forma pauperis* or pay the required filing fee, for failure to state a claim in the complaint, for failure to comply with the Court's repeated orders as detailed above, and for failure to prosecute.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on October 26, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any

unobjected-to factual finding or legal conclusion the district judge adopts from the

Report and Recommendation.  *See* 11th Cir. R. 3-1.


Copies furnished to:

Counsel of Record
Unrepresented Parties